**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

PAMELA M. R.,

                  **Plaintiff,**

           v.

COMMISSIONER OF SOCIAL
SECURITY,

                  **Defendant.**

3:21-cv-810
(GLS)

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Olinsky Law Group<br>250 South Clinton Street<br>Suite 210<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ. |
| **FOR THE DEFENDANT:**<br>HON. CARLA B. FREEDMAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261<br><br>Ellen Sovern<br>Regional Chief Counsel<br>Office of Regional Counsel, Region II<br>26 Federal Plaza, Roome 3904<br>New York, NY 10278 | CANDACE H. LAWRENCE<br>Special Assistant U.S. Attorney |

**Gary L. Sharpe
Senior District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### I. **Introduction**

Plaintiff Pamela M. R. challenges the Commissioner of Social Security's denial of Social Security Disability Insurance (DIB), seeking judicial review under 42 U.S.C. § 405(g).  (Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Pamela's arguments, the Commissioner's decision is affirmed and the complaint is dismissed.

### II. **Background**

On May 28, 2019, Pamela filed an application for DIB under the Social Security Act, alleging disability since September 7, 2018.  (Tr.[1] at 88, 211-12.)  After her application was denied, (Tr. at 108-13), Pamela requested reconsideration.  (Tr. at 117), which was denied, (Tr. at 120-31).  Pamela then requested a hearing before an Administrative Law Judge (ALJ), (Tr. at 132-33), which was held on November 6, 2020, (Tr. at 35-73).  On November 18, 2020, the ALJ issued an unfavorable

---

[1] Page references preceded by "Tr." are to the administrative transcript.  (Dkt. No. 8.)

decision denying the requested benefits, (Tr. at 7-25), which became the Commissioner's final determination upon the Appeals Council's denial of review, (Tr. at 1-6).

Pamela commenced the present action on July 16, 2021, by filing her complaint, wherein she seeks review of the Commissioner's determination.  (Compl.)  Thereafter, the Commissioner filed a certified copy of the administrative transcript.  (Dkt. No. 8.)  Each party filed a brief seeking judgment on the pleadings.  (Dkt. Nos. 13, 14.)

### III.  Contentions

Pamela contends that the ALJ's residual functional capacity (RFC) determination "is not supported by substantial evidence[2] due to [the ALJ's] error in weighing [the] opinion evidence."  (Dkt. No. 13 at 1.)  Specifically, Pamela asserts that the ALJ erred by improperly evaluating several medical opinions, and by "fail[ing] to address [] six months of detailed physical therapy records."  (*Id*. at 11-18.)  The Commissioner counters that there was no legal error and that the ALJ's determination is supported

---

[2] "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir.1990) (internal quotation marks and citations omitted).

3

by substantial evidence. (Dkt. No. 14 at 10-19.) For the reasons that follow, the court agrees with the Commissioner.

## IV. Facts

The court adopts the parties' factual recitations to the extent they are consistent with the statement of facts contained in the ALJ's decision and supported by the medical record. (Tr. at 2-20; Dkt. No. 13 at 1-11; Dkt. No. 14 at 2-10.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-*3 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Medical Opinions

Pamela contends that the ALJ failed to properly evaluate the

4

opinions of Drs. Bruce Green, Gilbert Jenouri, D. Schwartz, and Sury Putcha.  (Dkt. No. 13 at 11-18.)  Specifically, Pamela contends that the ALJ failed to properly articulate how he considered the supportability and consistency factors of 20 C.F.R. § 404.1520c and, because of this error, the ALJ's RFC determination is not supported by substantial evidence.  (*Id.*)  Pamela also asserts that remand is warranted because the ALJ's decision "lacks discussion of critical evidence [that] support her claim for benefits," because he improperly "fail[ed] to address [the] detailed physical therapy records which note . . . [Pamela's] limited range of motion, weakness, and ongoing pain in her right shoulder."  (*Id.* at 15-16.)  The Commissioner maintains that the ALJ properly evaluated the medical opinions because "the evidence of record allows the court to glean the ALJ's rationale on the issue."  (Dkt. No. 14 at 10-16.)  The Commissioner also argues that the ALJ addressed the physical therapy records and that the ALJ's RFC determination that Pamela could perform "light work" is supported by substantial evidence.  (*Id*. at 16-19.)

     For claims filed after March 27, 2017, the "ALJ must articulate in his . . . determination how persuasive he . . . finds all of the medical opinions." *Daniel E. v. Kijakazi*, No. 6:20-CV-1270, 2022 WL 602533, at *4 (N.D.N.Y.

5

Mar. 1, 2022) (citing 20 C.F.R. § 416.920c(b), which parallels 20 C.F.R. § 404.1520c).  An ALJ will consider the following factors when assessing opinion evidence: (1) "supportability"; (2) "consistency"; (3) "relationship with the claimant," which includes the "length of the treatment relationship," the "frequency of examinations," the "purpose" and "extent of the treatment relationship," and the "examining relationship"; (4) "specialization"; and (5) any "other factors that tend to support or contradict a medical opinion or prior administrative medical finding."  20 C.F.R. § 404.1520c(a), (c).  An ALJ must "explain how [he] considered the supportability and consistency factors" in his decision and "may, but [is] not required to, explain how [she] considered the [additional] factors."  20 C.F.R. § 404.1520c(b)(2).  In explaining how he considered the supportability and consistency factors, an ALJ must "point[] to specific evidence in the record supporting those findings."  *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313, 2021 WL 706645, at *8 (N.D.N.Y. Feb. 22, 2021) (internal quotation marks and citation omitted); *see* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. at 5,858 (Jan. 18, 2017) (stating that the articulation requirement of 20 C.F.R. § 404.1520c is to "allow a subsequent reviewer or a reviewing

court to trace the path of an [ALJ]'s reasoning").

Regarding supportability, the regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion or prior administrative medical findings(s) will be." 20 C.F.R. § 404.1520c(c)(1).  With respect to consistency, the regulations state that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2).

Here, the ALJ determined that Pamela has the RFC:

to perform light work . . . . She can occasionally lift and carry twenty pounds, frequently lift and carry ten pounds, sit for up to six hours, stand or walk for approximately six hours in eight hour day with normal breaks; she can occasionally climb ramps or stairs, but can never climb ladders, ropes or scaffolds, and she can perform occasional balancing, stooping, kneeling, crouching, and crawling.  She can only occasionally reach, push, or pull with right arm.  She can do work limited to simple, routine, and repetitive tasks in a work environment free of fast paced production requirements, involving only simple, work-related decisions, with few, if any, work place changes.

(Tr. at 15.)  In making his determination, the ALJ found "persuasive" the opinions of Dr. Jenouri and state agency consultants, Drs. Schwartz and Putcha.  (Tr. at 17-18.)  The ALJ found the opinion of Dr. Green, Pamela's treating physician, to be "less persuasive."  (Tr. at 18.)

The ALJ did not err with respect to how he evaluated the medical opinions.  Dr. Green opined that Pamela can rarely lift or carry ten pounds or less, can stand or walk for two hours, and sit for two hours in an eight hour workday, she can never climb ladders, and can occasionally twist, stoop, crouch, and climb stairs, and can only rarely use her hands, fingers, and arms.  (Tr. at 1082-84.)  In finding Dr. Green's opinion to be "less persuasive," the ALJ explained that Dr. Green's opinion was "generally unsupported by [his] own clinical notes" and "inconsistent with the other medical evidence and opinions."  (Tr. at 18.)  In discussing the supportability factor, the ALJ noted that Dr. Green's opinion is comprised of "a checkbox opinion form," and points to treatment notes from the same date Dr. Green completed his medical source statement, which indicated that Pamela had "increas[ed] range of motion" and was in "minimal discomfort."  (Tr. at 18 (citing Tr. at 1053, 1082-84.))  In discussing the consistency factor, the ALJ noted that Dr. Green's opinion was

inconsistent with other evidence and further stated that the "totality of the evidence suggest[ed] that [Pamela] retains the [RFC] to perform light work." (Tr. at 18.) The ALJ's discussion of the weight assigned to Dr. Green's opinion is proceeded by his discussion of the medical opinions he found to be persuasive. (Tr. at 17-18.) Because the court can "trace the path of [the ALJ's] reasoning" with respect to the factors of supportability and consistency, the ALJ's evaluation of the persuasiveness of Dr. Greene's opinion is free form legal error and is further supported by substantial evidence.

Consultive examiner Dr. Jenouri opined that Pamela had "[m]ild to moderate restrictions with lifting, carrying, reaching, and dressing with the upper right extremity." (Tr. at 463.) In finding this opinion "persuasive," the ALJ explained that the opinion was "based on a physical examination of [Pamela] with a detailed narrative setting forth the clinical findings on which the opinion is based" and was "consistent with . . . the record." (Tr. at 17.) The ALJ addressed the supportability factor by discussing the "detailed narrative" provided by Dr. Jenouri, which explained that his medical opinion was based upon his physical examination of Pamela. (Tr. at 17); *see* 20 C.F.R. § 404.1520c(c)(1). The ALJ addresses the

9

consistency factor by discussing Dr. Jenouri's opinion after discussing the other clinical findings earlier in his decision that are consistent with Dr. Jenouri's conclusion of "mild to moderate" restrictions. (Tr. at 17); *see* 20 C.F.R. § 404.1520c(c)(2). Accordingly, the ALJ's evaluation of the persuasiveness of Dr. Jenouri's is free form legal error and supported by substantial evidence.

State agency consultants Drs. Schwartz and Putcha opined that Pamela could perform "light work" and occasionally use her right upper extremity. (Tr. at 80-82, 98-101.) In weighing these opinions, the ALJ explained that each was supported by "specific references to the medical record" and "program knowledge." (Tr. at 18.) Additionally, the ALJ explained, after discussing the clinical findings that support Pamela's ability to perform light work earlier in the decision, that these opinions were "consistent with the record, including later developed evidence." (*Id.*) Because the ALJ discussed the supportability of these opinions and the court is able to follow the ALJ's logic with respect to the consistency factor, the ALJ did not err in articulating the weight assined to Dr. Schwartz and Dr. Putcha's opinions.

Turning to Pamela's assertion that the ALJ's decision failed to

discuss "critical evidence [that] support[ed] her claim for benefits," (Dkt. 13 at 15), the evidence Pamela contends was ignored was "six months of detailed physical therapy records which note" Pamela's "limited range of motion, weakness, and ongoing pain in her right shoulder." (*Id.*) However, the ALJ explicitly addressed these physical therapy records and noted that Pamela's progress was slow, but, that she steadily improved with treatment.  (Tr. at 17.)  While the ALJ did not explicitly cite to every physical therapy record submitted, he "is not required to explicitly analyze every piece of conflicting evidence in the record."  *Shawn W., v. Kijakazi*, 1:20-CV-1513, 2022 WL 4094939, at *2 (N.D.N.Y. Sept. 7, 2022) ("An ALJ is not required to explicitly analyze every piece of conflicting evidence in the record.")  Additionally, the records indeed show slow but steady improvement culminating in a November 26, 2019 examination which noted that Pamela had full range of motion and that any remaining "impairments [were] a result of loss of strength and motor control," for which she could make progress on her own; the ALJ explained that the records did not support Pamela's allegations that she cannot perform light work.  (Tr. at 17, 727, 737, 742, 757, 768, 789,1058.)  Accordingly, the ALJ did not err in his consideration of the physical therapy records.

11

The ALJ's RFC determination is also supported by substantial evidence.  The ALJ determined that the evidence in the record did not support Pamela's allegations that she is unable to work due to the physical limitations in her right arm.  (Tr. at 16.)  Several treatment and examination notes support the ALJ's determination that Pamela can perform light work, including: in March 2018, Pamlea reported right shoulder pain and showed "painful arc of motion" and "positive impingement sign," (Tr. at 428); on February 6, 2019, Pamela underwent a right shoulder decompression and side-to-side rotator cuff repair, (Tr. at 411); in May 2019, following the surgery, Pamela was "doing well and progressing slowly in physical therapy," had "minimal discomfort at rest" and "mild discomfort" after forward elevation to 100 degrees and abduction to 110 degrees, (Tr. at 447-48); in August 2019, Pamela "appeared to be in no acute distress," had a normal gait, could walk on her heels and toes without difficulty, did not need help changing for the exam or getting on and off the exam table, she had a "5/5" for strength in her lower and upper extremities and a "5/5" for grip strength, (Tr. at 461-62); and an examination in October 2020 noted Pamela had no impingement, full range of motion, and no pain in her shoulders, (Tr.

at 1160). Accordingly, the ALJ's RFC determination is supported by substantial evidence.

B. **Remaining Findings and Conclusions**

After careful review of the record, the court affirms the remainder of the ALJ's decision, as it is supported by substantial evidence and free from legal error.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED** that the complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Pamela's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

September 26, 2022
Albany, New York

*Gary L. Sharpe*
Gary D. Sharpe
U.S. District Judge